UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Keith L.,                                         Case No. 23-cv-139 (LIB)[1]

      Plaintiff,

v.                                                **REPORT AND RECOMMENDATION**

Kilolo Kijakazi,
Acting Commissioner of Social Security,

      Defendant.

---

    This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

    Plaintiff Keith L. filed this action in the United States District Court for the District of North Dakota challenging the decision of the Commissioner of Social Security terminating Plaintiff's disability benefits and directing Plaintiff to repay approximately $60,000 in overpaid benefits. The matter was subsequently transferred to this Court.

    On February 17, 2023, the Court ordered Plaintiff to show cause why this matter should not be dismissed for lack of jurisdiction. (See Order [Docket No. 26]). As the Court previously informed Plaintiff, the record now before the Court indicates that the decision of the Social Security Administration being challenged in this action has not gone through the necessary administrative-review process. As this Court previously explained to Plaintiff in the February 17,

---

[1] This matter was assigned only to the undersigned United States Magistrate Judge pursuant to Local Rule 7.2(c). Because the parties have not consented to proceed solely before a United States Magistrate Judge, however, the undersigned cannot effect dismissal of this proceeding. Accordingly, the Clerk of Court is directed to assign a District Court Judge to this proceeding consistent with this District's ordinary assignment policies and practices for review of this Report and Recommendation.

2023, Order, [Docket No. 26], exhaustion of the administrative-review process is a jurisdictional prerequisite for consideration of Plaintiff's claim on the merits. (See Id. at 2–3).

Plaintiff was afforded thirty days in which to respond to the Order and establish the basis for the Court's subject matter jurisdiction over this action. (Id.). Plaintiff was forewarned that if he failed to comply with this Court's directive it would be recommended that this matter be dismissed without prejudice for failure to prosecute.

That deadline has now passed, and Plaintiff has not responded to the Court's February 17, 2023, Order. In fact, Plaintiff has not communicated with the Court about this case at all since commencing the time of that Order. Accordingly, this Court now recommends, in accordance with its prior Order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. See Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").[2]

Therefore, based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED without prejudice** for failure to prosecute or, alternatively, for lack of subject matter jurisdiction.

Dated: April 11, 2023                         s/Leo I. Brisbois
                                              Hon. Leo I. Brisbois
                                              United States Magistrate Judge

---

[2] Alternatively, this action may be dismissed without prejudice for lack of subject matter jurisdiction for the reasons explained more fully in the February 17, 2023, Order. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).